JOANN JONES, etc.

       Plaintiff,

v.                               Case No. 3:08-cv-875-J-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.

_____

**OPINION AND ORDER**[2]

**I.  Status**

Joann Elizabeth Jones is appealing the Social Security Administration's denial of her claims for Disability Insurance Benefits and Supplemental Security Income. Her alleged inability to work is based on blood clots and asthma. *See* Transcript of Administrative Proceedings (Tr.) at 151. Ms. Jones was ultimately found not disabled by Administrative Law Judge (ALJ) JoAnn L. Anderson on April 18, 2008. *Id.* at 9, 18. Claimant has exhausted

---

[1]    The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #14).

[2]    Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order is available electronically. It is not otherwise intended for publication or to serve as precedent.

the available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues the ALJ "erred by not classifying [her] depression and anxiety as severe impairments." Memorandum in Support of Complaint (Doc. #16; Memorandum) at 6 (emphasis and capitalization omitted).

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v.*

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

*Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## III. Discussion

According to Claimant, the judge mistakenly "found that [her] depression and/or anxiety were non-severe impairments." Memorandum at 6. She also makes reference to her "borderline intellectual functioning" as a cause of her limitations. *Id.* at 7.

Plaintiff's initial assertion as quoted above does not provide an independent basis for remand. At step two, an individual must merely "prove that she has a severe impairment or combination of impairments." *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). This "is all that is required at step two." *Council v. Comm'r of Soc. Sec.*, 127 F. App'x 473, No. 04-13128, slip op. at 4 (11th Cir. 2004) (Table) (per curiam); *Alvarez v. Astrue*, No. 3:07-cv-505-J-12TEM, 2008 WL 3992622, at *4 (M.D. Fla. Aug. 28, 2008) (quoting *Council*). Since the ALJ proceeded to step three of the

sequential analysis, she will not be faulted for omitting conditions at the second step.

However, Ms. Jones also asserts that, were certain findings accepted, she would have met the definition of disability. Memorandum at 7. Moreover, she contends the judge's failure to include her mental "limitations in the [Decision or] the hypothetical that was presented to the vocational expert . . . was error." *Id.* at 9. Her argument will thus be construed as an attack on the ALJ's evaluation of her mental residual functional capacity (RFC) and the sufficiency of the vocational hypothetical based thereon.

An individual's impairments, including any related symptoms, such as pain, "may [result in] physical and mental limitations that affect what [one] can do in a work setting." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). RFC is defined in the regulations as what an individual "can still do despite [his or her] limitations." *Id.* It can include descriptions of limitations apart from those observed in the diagnosis and treatment of a medical condition. *See id.* §§ 404.1545(a)(3), 416.945(a)(3). Thus, "observations of [a claimant's] limitations from [his or her] impairment(s) . . . provided by [the claimant, his or her] family, neighbors, friends, or other persons" will be considered. *Id.* This assessment is not to be equated with the ultimate decision on

disability, but is merely an interim evaluation considered along with other factors in making the disability decision. *See id.* §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). An individual's limitations may be exertional, nonexertional, or both. *See id.* §§ 404.1569a(a), 416.969a(a).

The regulations provide that decisions regarding an individual's RFC are made solely by the Commissioner. *See id.* §§ 404.1546(c), 416.946(c). According to SSR 96-8p, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Claimant suggests several of her alleged problems should have been explicitly addressed, including an inability "to maintain a schedule[,] difficulty interacting[,]" Memorandum at 7, and moderate difficulties in a variety of areas. *See id.* at 7-8.

In relation to Plaintiff's mental limitations, the judge determined "[s]he is [only] able to perform simple, routine work." Tr. at 14 (emphasis omitted). Purportedly, this restriction accounted for "a moderate limitation of concentration, persistence or pace[.]" *Id.* at 13 (also stating "[t]his would limit her to simpler, routine tasks").[4] In the hypothetical posed to the

_____

[4] Although, as already discussed, she will not be faulted concerning her step two analysis, it is noted the ALJ's specific findings as to this limitation are set out therein. At another place in the Decision, "moderate limitations in the abilities to understand, remember, and carry out detailed

vocational expert, the ALJ omitted mention of any mental impairments. *See id.* at 48. While the expert was later asked whether the jobs identified were "fairly simple, routine, [and] repetitive or involv[ed] simple, routine, repetitive type tasks[,]" *id.* at 49, it is not clear that this adequately encompassed the impairments recognized by the ALJ. *Cf., e.g., Wiederholt v. Barnhart*, 121 F. App'x 833, 839 (10th Cir. 2005) (limitation to simple, unskilled tasks not sufficient to incorporate impairments such as moderate difficulties with maintaining concentration, persistence, or pace); *Leighton v. Astrue*, No. 07-142-B-W, 2008 WL 2593789, at *4 (D. Me. June 30, 2008) (report and recommendation of magistrate judge subsequently accepted by district court) ("limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace" inadequate to account for "moderate difficulties in maintaining social functioning and concentration, persistence or pace"); *Davis v. Astrue*, Civil Action No. 06-3550, 2007 WL 2248830, at *4 (E.D. Penn. July 30, 2007) (requiring deficiencies in concentration, persistence or pace to be specified in the hypothetical). On remand, the Commissioner should develop an RFC finding reflective of all Ms. Jones's impairments and pose a hypothetical setting forth the same. Additionally, she will be asked to directly

---

instructions" are also approved. *Id.* at 15.

consider whether Claimant is at least moderately limited with regard to her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms[.]" Tr. at 399; *see* Memorandum at 7.[5]

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision and remanding with instructions to 1) develop an RFC finding reflective of all Plaintiff's impairments; 2) pose a hypothetical setting forth the same; 3) consider whether Claimant is at least moderately limited with regard to her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and 4) conduct any other proceedings deemed proper. If benefits are ultimately awarded, Plaintiff's counsel shall have thirty (30) days from receiving

---

[5]     Plaintiff's argument the judge failed to "indicate the basis for the rejection of" other evidence, Memorandum at 8, is not accepted. Concerning her rejection of the claimed inability to maintain a schedule or perform activities within a schedule, as well as the asserted difficulty interacting with others, *see id.* at 7-8, the ALJ in fact provided explicit reasoning. *See* Tr. at 13-14. That Ms. Jones "may feel overwhelmed by change[,]" Memorandum at 8; Tr. at 430, is, on the other hand, too equivocal to warrant being a basis for remand. Nevertheless, when reformulating Claimant's mental RFC, the judge is of course free to draw on all relevant documentation, as appropriate.

notice of the amount of past-due benefits to seek the Court's approval of attorney's fees under the Social Security Act.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2009.


/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
    and pro se parties, if any